# Matter of Jean Robert EVRA, Respondent

File A099 240 219 - Miami, Florida

*Decided September 21, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The conduct underlying an alien's arrest and incarceration does not constitute "fault" within the meaning of section 240(b)(5)(C)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(C)(ii) (2006), which provides that an order of removal issued at a hearing conducted in absentia may be rescinded if the alien was in Federal or State custody at the time of the scheduled hearing and the failure to appear was "through no fault of the alien."

FOR RESPONDENT: Linda Osberg-Braun, Esquire, Miami, Florida

BEFORE: Board Panel: PAULEY and ADKINS-BLANCH, Board Members; GUENDELSBERGER, Temporary Board Member.

GUENDELSBERGER, Temporary Board Member:

On March 5, 2009, an Immigration Judge entered an in absentia order of removal because the respondent failed to appear for his scheduled hearing. The respondent filed a motion to reopen to rescind that order on April 3, 2009, arguing that because he was in State custody at the time of the hearing, his failure to appear was through no fault of his own. In a decision dated April 13, 2009, the Immigration Judge denied the respondent's motion to reopen. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded.

An alien who fails to appear for removal proceedings may be ordered removed in absentia pursuant to section 240(b)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(A) (2006). An order issued at a hearing conducted in absentia may be rescinded at any time under section 240(b)(5)(C)(ii) of the Act upon a motion to reopen demonstrating that the alien failed to appear because he did not receive proper notice of the hearing

or was in Federal or State custody and failed to appear "through no fault of the alien."[1]

In his decision denying reopening, the Immigration Judge noted the respondent's assertion that his failure to appear for removal proceedings was through no fault of his own because he was arrested and jailed prior to the hearing. The Immigration Judge stated, however, that it did not appear that the respondent's State custody was through no fault of his own because he was arrested for operating a motor vehicle while on a suspended license. According to the Immigration Judge, "Only individuals who are confined in state (or Federal) custody on criminal charge(s) at the time of their immigration hearing and who are later acquitted of the criminal charges or have their charges dismissed would be entitled to have their removal proceedings reopened because their confinement was 'through no fault of their own.'"

On appeal, the respondent asserts that he did not appear for his removal hearing because he was in jail in the State of Florida. He argues that the Immigration Judge erred in finding that only incarcerated individuals who are later acquitted or whose charges are dismissed may show that their failure to appear was through no fault of their own. The respondent claims that because he was in custody at the time of his hearing, he failed to appear through no fault of his own and that the in absentia order should be rescinded pursuant to section 240(b)(5)(C)(ii) of the Act.

We find that the Immigration Judge erred in denying the respondent's motion to reopen. Section 240(b)(5)(C)(ii) of the Act provides that an in absentia order may be rescinded upon a motion to reopen where the alien demonstrates that he was in Federal or State custody at the time of the removal hearing and failed to appear through no fault of his own.[2] The clear purpose of the statute is to prevent individuals in such custody from being ordered removed in absentia when they are unable to attend their hearing as a result of incarceration. Aliens in these circumstances are not free to attend removal proceedings on their own.

---

[1] An in absentia order may also be rescinded under section 240(b)(5)(C)(i) of the Act upon a motion to reopen filed within 180 days after the date of the removal order if the alien shows that the failure to appear was because of exceptional circumstances. The term "exceptional circumstances" refers to exceptional circumstances beyond the control of the alien, such as serious illness of the alien or the death or serious illness of an immediate relative, but not including less compelling circumstances. Section 240(e)(1) of the Act.

[2] We note that "custody" is not confined to the criminal context, although that is the most common situation in which it occurs. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (observing that "custody" may also arise as a consequence of civil commitment or civil contempt).

Moreover, section 240(b)(5)(C)(ii) does not imply that an incarcerated alien is at "fault" for being in Federal or State custody because of a criminal charge and is thereby prohibited from seeking to rescind an in absentia removal order. The conduct underlying the alien's arrest and incarceration does not constitute "fault" within the meaning of the statute. Therefore the statute does not support the Immigration Judge's interpretation that only individuals who are confined on criminal charges at the time of their immigration hearing and who are later acquitted or have their charges dismissed may have their removal proceedings reopened because their confinement was through no fault of their own. No authority was cited by the Immigration Judge to support such an interpretation.

The respondent submitted evidence in support of his claim that he was in State custody awaiting a trial date of July 13, 2009, at the time of his removal hearing on March 5, 2009. Because the respondent was in such custody on the date of his hearing and there is no indication that he was at fault in failing to appear, we find that the Immigration Judge erred in denying the respondent's motion to reopen the proceedings to rescind the in absentia order of removal. Accordingly, the respondent's appeal will be sustained and the record will be remanded to the Immigration Judge.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER**:  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.